This is a workmen's compensation suit in which the plaintiff seeks to recover compensation at the maximum rate of $20 per week for 400 weeks, beginning August 6, 1946, for an injury to his left hand, less the amount of compensation he had been paid by his employer, the defendant herein, Hillyer, Deutsch, Edwards, Inc. The plaintiff who is a colored man was employed as a laborer by the defendant company which is engaged in operating saw mills and doing a general lumbering business. On the day of his injury he was attempting to hook long metal tongs to logs which were being moved or pulled by a caterpillar tractor. While so engaged in his duties, the tractor carrying the logs moved and that caused the tongs to crush the outer side of his left hand. As a result he injured the little finger and the ring finger of that hand and it became necessary to have a complete amputation of the little finger and the removal of two phalanges of the ring finger. There is no dispute about the accident and about the injury and its resulting consequences and the only issue in the case is whether in the present condition of his left hand, plaintiff can do work that is reasonably of the same kind or character of the work he did and was accustomed to perform before. He was paid the full amount of compensation that was due him *Page 535 
under the law for the specific injuries he sustained. His present demand is based on the proposition that his injury caused more than the specific loss of those two members and that because of his inability to grasp with his left hand as well as he did before, or as well as a man who has use of all of his fingers, he has become totally disabled within the contemplation of the workmen's compensation statute, Act No. 20 of 1914 and its amendments, and he is therefore entitled to recover as for total, permanent, disability.
He relies on certain cases in which it has been held that an employee, skilled in certain lines of work, such for instance as a brick mason, has been held to be totally disabled and the question to be decided in this case is whether this plaintiff was an employee performing work of such a nature that it is necessary for him to have the use of the two injured fingers on his left hand. That, of course, is a matter which presents a factual issue to the Court. The trial judge, without assigning written reasons held that plaintiff had been paid all the compensation he was entitled to as for the loss of one finger and two phalanges of another and, in effect therefore, the demand, as made, was rejected. From that judgment, this appeal was taken.
Plaintiff is a man about 43 or 44 years old. He had been doing a general laborer's work, most of it as a woodsman or a swamper and had been employed by the defendant, off and on since the year 1940. He did not seem to have any particular duties, performing any work he was asked to do. At times he drove a team, at others he worked on a loader and also at times he set tongs, which was the work he was engaged in doing when he was injured. He had not worked very much at handling tongs but that was included in the work he had to perform at times and it seems to be his contention that because of the weight of these tongs which he says is 60 pounds, and the necessity of having a strong grasp to operate them, he is not able to do the same kind of work he was accustomed to do.
After the operation and the healing of his finger joints, plaintiff returned to work for the defendant and worked three days, doing the same general character of work he did before except that he did not have to use these tongs. He did however use an axe in the swamps and according to his employer, was able to perform that general work in as satisfactory a manner as he had before his injury. On the fourth day, he did not return to work and was then discharged. The defendant's manager claims he was discharged because of his irregularity in coming to work. Counsel contends on the other hand that plaintiff was a regular worker and that when he missed going to work after his injury it was because he had some work to do at home. We do not know that that makes much difference in solving the question that is presented to the Court because after all it is simply whether plaintiff can do the same kind of work in his present condition, or work which is reasonably of the same kind and character, as he did before. During the three days he worked for the same employer after his injury, he performed the same services as a swamper, as he rendered before, and after having been discharged by the defendant he went to work for a Mr. Melton Wright, who is also engaged in the logging business, and did general swamping in the woods for him, the same work he had done for Mr. Wright's father before he went to work for the defendant.
We think that the conclusion reached by the trial judge that this is not a case of total permanent disability, is correct. Plaintiff complains that his grip in his left hand is not as strong as it was before and we can well assume that it is not, but the fact is that with what grip he has, he has been rendering the same kind of services to his employer and therefore we don't think that that has affected his capacity to do that kind of work. He says that his hand pains him at times but there seems to be no reason why he should have pain as Dr. Joe E. Broyles who attended him and performed the operation on his hand thought that his hand was in excellent condition as far as what was left of the ring finger was concerned and that the place where the little finger was amputated, was well healed and in good condition. *Page 536 
Counsel for plaintiff makes reference to certain cases in which the courts have allowed compensation for partial disability in injuries of a somewhat similar nature. In those cases however, it is observed that there was testimony adduced to show a certain percentage of disability, and compensation was allowed on such proof. There is no evidence in this case on which a judgment of partial disability could be based, as we can see, and in the absence of any, the conclusion that we have come to, that this man whose work after all is nothing but that of a common laborer, unskilled in any particular trade, has not sustained such an injury as to entitle him to compensation for total and permanent disability.
The judgment of the lower court which held that he was entitled to such compensation only as had already been paid, is correct and it is accordingly affirmed.